PELZER v. NEWHALL et al.

(Circuit Court, N. D. Illinois.   April 13, 1899.)

1. PATENTS—PRELIMINARY INJUNCTIONS—CONFLICTING DECISIONS.
    On a motion to dissolve a preliminary injunction, when it appears that the circuit courts of appeals in two different circuits have reached opposite conclusions on the questions involved, the circuit court will adopt the reasoning of that one which impresses it as being most correct.

**2. SAME—ELECTRIC LIGHT FIXTURES.**
Stieringer reissue, No. 11,476 (original, No. 259,235), for improvements in electric fixtures, construed, as to claim 1, as being limited to the particular insulating device described, and therefore *held* not infringed.

This was a suit in equity by William Pelzer against Newhall and others to enjoin the alleged infringement of reissued letters patent, No. 11,476, granted March 12, 1895, to Luther Stieringer, for an improvement in electrical fixtures, which covers a device for attaching electric lighting fixtures to gas- pipes by an insulated connection. The original patent, No. 259,235, was granted to said Stieringer June 6, 1882. The cause was heard on a motion to dissolve a preliminary injunction.

Poole & Brown and Richard Dyer, for complainant.
Barnes, Barnes & Bartelme, for defendants.

KOHLSAAT, District Judge. This matter comes on to be heard upon the motion of defendants for the dissolution of a preliminary injunction heretofore granted herein against defendants, restraining the alleged infringement of reissued letters patent No. 11,476, dated March 12, 1895; the preliminary injunction, being on the first claim of the reissued patent. The court has before it the opinions of two circuit courts of appeals covering the question at issue in this suit, in which opinions antagonistic conclusions are reached. The court therefore feels at liberty to closely examine the reasoning of each of the said courts, and the grounds upon which they arrive at their respective conclusions, in addition to the facts brought out on this hearing, as it is admitted that the statements of fact set forth in those opinions are substantially correct, and to adopt the reasoning of either of said courts, in so far as it may impress this court as being correct, and may be applicable to this case. The decisions referred to are those of Maitland v. Manufacturing Co., 29 C. C. A. 607, 86 Fed. 124, decided in the Second circuit, and Manufacturing Co. v. Pelzer, 91 Fed. 665, decided in the Third circuit. In view of the wide scope of the first claim of the reissued patent, which, in the mind of this court, is so broad as to cover all possible devices for the insulation of electric light fixtures from grounded pipes to which they may be attached, it is the opinion of the court that to sustain this claim would be practically to sustain a patent upon the principle of insulation itself, when applied to a combination of grounded pipes, and electric light fixtures attached thereto. Following the reasoning of the court of appeals of the Third circuit, this court is of the opinion that the first claim of the reissued patent is only valid when restricted to the particular insulating device, as distinguished from the general principle of insulation, shown in said reissue, and in the original patent upon which it is based; and, as the insulating devices used by defendants do not, in the mind of the court, infringe the devices described and set forth in the said reissue, or the original patent on which it is based, the injunction in this case should be dissolved. It is so ordered.