## MAITLAND v. GRAHAM.

### (Circuit Court, N. D. Illinois, N. D.   May 23, 1899.)

### No. 24,342.

PATENTS—PRELIMINARY INJUNCTION—EFFECT OF PRIOR DECISIONS.

The customary rule, that on an application for a preliminary injunction, as between conflicting decisions of two circuit courts of appeals of other circuits as to the validity or construction of the patent, that one will be followed which was rendered on a final hearing, rather than one on a preliminary motion, does not govern the court where the latter goes equally into the merits, and the court rendering it has previously had the same patent before it in other suits.

Poole & Brown, for complainant.
Cyrus J. Wood, for defendant.

KOHLSAAT, District Judge.   The facts and argument in this case do not differ materially from those presented in Pelzer v. Newhall (decided by this court on April 13, 1899) 93 Fed. 684.   Complainant insists, however, that this court departed from the customary rule in matters of this kind, in choosing to follow the decision of the court of appeals of the Third circuit upon a preliminary injunction (Manufacturing Co. v. Pelzer, 34 C. C. A. 45, 91 Fed. 665), instead of that of the court of appeals of the Second circuit upon a final hearing on the merits (Maitland v. Manufacturing Co., 29 C. C. A. 607, 86 Fed. 124).   In view, however, of the fact that the court of the Third circuit had previously gone into the patent fully (Maitland v. Gibson, 11 C. C. A. 446, 63 Fed. 840), including all its claims, and had given the decision in regard to the first claim which caused the reissue of the patent and the modification of that claim, I feel justified, under the circumstances, in giving its decision as to whether or not this modification of the first claim is valid, as full weight as should be given to the decision of the court of the Second circuit. It appears from both opinions that the courts went equally into the merits of the case as the basis of their respective decisions; and, while not desiring to change the usual rule as contended for by complainants, I am of the opinion that the circumstances of this case take it out of that rule.   I do not, therefore, find anything presented in this case which should cause me to change my decision as expressed in Pelzer v. Newhall, as in the latter case the merits were gone into before me very fully, and the merits, as presented, caused me to concur in the line of reasoning of the court of appeals of the Third circuit.   The preliminary injunction heretofore entered herein is dissolved.